NANCY H. COAN

v.

IDA E. MORRISON.

*Fraudulent Conveyances—Bill to Set Aside—Evidence.*

In the case presented, a decree setting a deed aside as fraudulent is reversed, the evidence in support of it being meager and unsatisfactory and proper evidence having been excluded.

[Opinion filed February 8, 1890.]

APPEAL from the Circuit Court of Marshall County; the Hon. S. S. PAGE, Judge, presiding.

Mr. FRED S. POTTER, for appellant.

Messrs. BARNES & BARNES, for appellee.

*Per Curiam.* This was a bill in equity by appellee against appellant and her son, Henry B. Lowden, to set aside a certain deed executed by the son to his mother for certain real estate and to subject the real estate, which was a life estate, to the payment of a certain judgment in favor of appellee against said Lowden for the sum of $2,500. The bill charges that the deed, which was in form a quit claim in consideration of $2,000, was fraudulent and made for the purpose of covering up the said real estate without consideration, and made for the purpose of hindering and delaying the appellee in the collection of her judgment. The appellants -answered admitting the execution of the deed, but alleged that it was executed as a mortgage to secure appellant for a liability on a certain appeal bond which she had signed with her son in a certain bastardy case, where appellee was the complaining witness, and certain lawyer's fees for which she had become security for her son, and also certain other claims, and in proof of which appellant had, contemporaneously with the deed from her son, executed to him a defeasance, which is attached to the answer as an exhibit and made part of the answer. The cause was referred to the master in chancery to take the proof, which he proceeded to do, and reported to the court that the deed was fraudulent. Before the master the complainant introduced no evidence tending to impeach the deed and defeasance except that the litigation was pending upon which the judgment was rendered at the time of making the deed, and that appellant, Mrs. Coan, must have known it, and that the defeasance was not put on record, while the deed was, and the fact that the attorney for Lowden attempted to compromise the bastardy suit for $500 just prior to the execution of the deed, also the fact that Mrs. Coan did not take the stand to show that her claims mentioned in the defeasance were *bona*

*fide.* As to the bastardy suit, Mrs. Coan had signed an appeal bond in that case. It is evident if the claims mentioned in the defeasance were *bona fide* due Mrs. Coan, the fact that suits were pending against her son would not prevent the former from securing her for her claims, if done in good faith. The appellee introduced no evidence to show that such was not the case. In order to set aside a conveyance for fraud, the evidence must be clear that fraud existed, and such fact must not depend on insufficient and unsatisfactory evidence. The appellee also failed entirely to make proof of her alleged judgment. It is true she offered in evidence one she claimed to exist, but it was not admitted in evidence and no record of any judgment appears in the record, only the statement that one was offered without its production. This judgment was the foundation of the action, and without it no relief could be claimed. We find the evidence very meager and unsatisfactory and insufficient, and are not satisfied that justice has been done. It is true the evidence introduced by the complainant tended to prove the charges in the bill, yet we think it was not sufficient and ought, to have been referred to the master to take further proof, and the amended answer of the appellant, Mrs. Coan, should have been allowed to be filed, and she allowed to make the proof she offered.

When the cause is re-referred, Mrs. Coan ought to make the proof of the amount due under her mortgage—for her deed is in substance a mortgage—and to show the validity of the claims as she offered, so if it is found to be valid, the amount may be ascertained and the surplus over her claim can be applied to the satisfaction of appellee's judgment, if she shows one. The appellee should have full privilege to attach the validity of the indebtedness mentioned, and to show that the deed was made fraudulently, and to introduce new evidence.

For these errors, the report of the master as well as the approval thereof by the court, and the final decree of the court, is reversed and set aside and the cause remanded, with instructions to the court to allow amendment to the bill and answer, if any are desired, and to re-refer the cause to the master to take such additional evidence as either party may desire.

*Decree reversed and cause remanded.*